IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID L. PADGETT,**

Plaintiff,

v.                                                   Civil Action No. 3:10-CV-08
                                                                                  (BAILEY)

**ONEWEST BANK, FSB,**
**d/b/a INDYMAC MORTGAGE SERVICES,**

Defendant.

## MEMORANDUM OPINION AND ORDER

Currently pending before this Court are Defendant OneWest, FSB's Objection to Order Holding in Abeyance Ruling on Plaintiff's Motion to Compel [Doc. 56] and Motion for Stay [Doc. 57], both filed August 4, 2010. The plaintiff responded on August 12, 2010. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the defendant's Objection [Doc. 56] should be **OVERRULED IN PART** and **HELD IN ABEYANCE IN PART**, and that the defendant's Motion for Stay [Doc. 57] should be **DENIED**.

## BACKGROUND

This case involves the Defendant OneWest, FSB's ("OneWest") servicing of the plaintiff's home loan with IndyMac, FSB ("IndyMac"), an entity which OneWest purchased in an agreement negotiated by the Federal Deposit Insurance Corporation ("FDIC").

On June 23, 2010, the plaintiff filed a Motion to Compel Production of Documents [Doc. 34], arguing that OneWest inadequately responded to certain requests for production

1

of documents. In particular, the plaintiff seeks adequate responses to Document Request Nos. 1, 6, and 18. ([Doc. 34] at 1).

In Document Request No. 1, the plaintiff requested "[t]he complete contents of each file maintained by IndyMac Bank, F.S.B. regarding plaintiff or the mortgage loan to him, or the modification of that loan." ([Doc. 35] at 2). In response, OneWest objected on the grounds of relevancy, arguing that the file requested is not relevant to the plaintiff's claims. (Id. at 2-3). OneWest then stated, "To the extend [sic] OneWest has been able to locate copies of documents which it believes to be from IndyMac Bank, FSB's files which are relevant to the Claims Asserted Herein, they are included in the documents produced herein as documents Bates Nos. OneWest/Padgett 0001-0063. If further documents are discovered, OneWest will supplement this Response and produce documents relevant to the Claims Asserted Herein." (Id. at 3). OneWest redacted the documents produced in response, citing attorney-client privilege, trial preparation, and confidentiality of identifying information. (Id. at 3-4). In his motion, the plaintiff argues that the redactions on pages 001-003 and 007 are improper insofar as the redacted information is relevant to OneWest's defense that it lacked knowledge of the bankruptcy order which modified the plaintiff's mortgage loan. (Id. at 5-12). As such, the plaintiff seeks an unredacted copy of these pages. (Id. at 12).

In Document Request No. 6, the plaintiff requested "[a]ll correspondence or other documents between OneWest Bank, F.S.B. or IndyMac Mortgage Services, or to any predecessor in interest of either entity, and any credit reporting, credit rating or similar organization regarding plaintiff." ([Doc. 35] at 12). In response, OneWest objected on numerous grounds, including relevancy. (Id. at 13). In his motion, the plaintiff argues that

2

documents showing OneWest's communication with credit reporting or rating organizations are plainly relevant to the plaintiff's defamation claim, and must be produced. (Id.).

In Document Request No. 18, the plaintiff requested "[e]ach document showing the sale or other transfer of any equitable or legal interest in plaintiff's mortgage loan at any time during the period beginning April 1, 2006 and the present." ([Doc. 35] at 13). In response, OneWest again objected on the grounds of relevancy. (Id.). In his motion, the plaintiff argues that "documents showing when, and exactly what, interest [OneWest] has regarding [his] home mortgage loan" are relevant to all of his claims. (Id. at 14).

On July 6, 2010, this Court referred the plaintiff's motion to Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. § 636(b)(1)(A) [Doc. 42]. OneWest responded on July 9, 2010, and the plaintiff replied on July 19, 2010 [Docs. 47 & 48]. In his Reply [Doc. 48], the plaintiff notes that, since the filing of his motion, OneWest provided documents responsive to Document Request No. 6. ([Doc. 48] at 6).

On July 21, 2010, the magistrate judge entered an Order Holding in Abeyance Ruling on Plaintiff's Motion to Compel [Doc. 51], memorializing what he had ordered during an evidentiary hearing on the same day. First, the magistrate judge noted that counsel agreed that Document Request No. 6 was moot because OneWest produced the documents requested. Second, the magistrate judge found that the documents requested in Document Request Nos. 1 and 18 were relevant. In this regard, the magistrate judge stated, "While counsel for Defendant disagreed with the finding, he advised he would produce those documents in his possession, which included a note and an unrecorded copy of the Deed of Trust." Moreover, concerned that he had inadequate information regarding what documents exist and where they are located, the magistrate judge ordered

OneWest to "find a witness or witnesses . . . who might know the location of documents and the owner of various portions of the loan, including Plaintiff's note and servicing rights thereon." Finally, the magistrate judge directed counsel to confer and propose three dates for a hearing of the testimony of OneWest's witnesses.

On August 4, 2010, OneWest filed the pending Objection to Order Holding in Abeyance Ruling on Plaintiff's Motion to Compel [Doc. 56]. OneWest objects to the magistrate judge's order to the extent it: (1) may be construed as requiring production of non-discoverable documents; (2) may be construed as expanding the scope of documents which OneWest agreed to produce; (3) may be construed as providing relief not requested in that such relief has been waived; and (4) requires OneWest to provide a witness "who might know the location of documents and the owner of various portions of the loan" to testify at a hearing. ([Doc. 56] at 1). On the same day, OneWest filed a Motion for Stay [Doc. 57], requesting that this Court stay the magistrate judge's Order pending a ruling upon its Objection.

On August 12, 2010, the plaintiff filed a Response [Doc. 59], arguing that OneWest's Objection should be overruled and the stay denied.

## **DISCUSSION**

### **I.    Applicable Standard**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

4

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Insofar as OneWest has filed timely objections, this Court will review the portions of the Order to which OneWest objected *de novo*.  The remaining portions will be reviewed for clear error.

**II.     Analysis**

    **A.     OneWest's Objection**

In its Objection, OneWest states four objections to the magistrate judge's Order.  The Court will now address each objection, in turn.

        **1.     Objection No. 1**

In its first objection, OneWest objects to the magistrate judge's Order to the extent it may be construed as requiring production of non-discoverable documents.  More specifically, OneWest objects to the magistrate judge's finding that the plaintiff's loan origination documents are relevant.  In support of this objection, OneWest argues that "not a single loan origination claim is asserted in the First Amended Complaint."  ([Doc. 56] at 4).  As such, OneWest contends that the loan origination documents are not discoverable.  For the reasons that follow, this Court disagrees.

Information is relevant, and discoverable, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b).  Here, the plaintiff's request for production of his loan origination documents satisfies the standard

in Rule 26(b). First, the plaintiff has alleged that OneWest breached the loan contract by assessing charges which were not owed. Second, the plaintiff has also alleged that OneWest violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* by (1) demanding that the plaintiff pay sums that were not owed and (2) misrepresenting the character, amount, or legal status of the debt. Resolution of the issues presented by these claims will require a determination as to whether OneWest attempted to collect sums that were not owed under the terms of the loan. That determination can be made only after a careful review of all of the loan origination documents. Accordingly, Objection No. 1 is hereby **OVERRULED**.

### 2. Objection No. 2

In its second objection, OneWest objects to the magistrate judge's Order to the extent it may be construed as expanding the scope of the documents which counsel for OneWest agreed to produce. More specifically, OneWest objects to magistrate judge's finding that OneWest agreed to "produce those documents in [its] possession, which included a note and an unrecorded copy of the Deed of Trust." ([Doc. 51] at 1). In support of this objection, OneWest argues that it agreed to produce a copy of the Note and a copy of the unrecorded Deed of Trust, not all documents in its possession.

First, the Court finds it necessary to restate the issue presented by this objection. The issue is not what OneWest *agreed* to produce at the hearing. The issue is what the magistrate judge *ordered* OneWest to produce. Upon a review of the Transcript [Doc. 53], the Court is unable to ascertain whether the magistrate judge ordered OneWest to produce other loan origination documents in OneWest's possession in addition to the Note and the

6

unrecorded Deed of Trust. As such, the Court **RE-REFERS** this matter to the magistrate judge to **CLARIFY**, by order, the scope of the documents he ordered OneWest to produce. Accordingly, the Court will **HOLD IN ABEYANCE** its ruling on Objection No. 2.

### 3. Objection No. 3

In its third objection, OneWest objects to the magistrate judge's Order to the extent it may be construed as providing relief not requested in that such relief has been waived. More specifically, OneWest objects to the magistrate judge's finding that any additional documents should be produced in response to Document Request No. 1. In support of this objection, OneWest argues that the plaintiff's motion to compel sought only that OneWest produce unredacted copies of the document it produced in response to Document Request No. 1. Because more than thirty days have elapsed since OneWest filed its discovery responses, OneWest claims the plaintiff has waived all other grounds for moving to compel with respect to OneWest's response to Document Request No. 1. For the reasons that follow, this Court disagrees.

In its response to Document Request No. 1, OneWest stated, "To the extend [sic] OneWest has been able to locate copies of documents which it believes to be from IndyMac Bank, FSB's files which are relevant to the Claims Asserted Herein, they are included in the documents produced herein as documents Bates Nos. OneWest/Padgett 0001-0063. *If further documents are discovered, OneWest will supplement this Response and produce documents relevant to the Claims Asserted Herein.*" ([Doc. 35] at 3) (emphasis added). The emphasized portion of its response indicates that OneWest had no other documents in its possession than those it produced with redactions. At the

7

hearing, however, OneWest admitted that it had documents other than those which it had produced. Therefore, insofar as Document Request No. 1 applies to those documents admittedly in OneWest's possession, but not produced, the plaintiff cannot be said to have waived his right to request their production. Accordingly, Objection No. 3 is hereby **OVERRULED**.

    4.    **Objection No. 4**

In its final objection, OneWest objects to the magistrate judge's Order to the extent it requires OneWest to provide a witness "who might know the location of documents and the owner of various portions of the loan" to testify at a hearing. OneWest objects on two grounds. First, ownership of the various interests in the plaintiff's mortgage is not relevant to the pending claims, and thus, are not discoverable. Second, ordering the production of a witness is not a form of relief that may be awarded in response to a motion to compel. For the reasons that follow, this Court disagrees.

With regard to the relevancy portion of the objection, the Court finds that ownership of the various interests in the plaintiff's mortgage is relevant to his pending claims. In particular, documentation regarding ownership of various portions of the plaintiff's loan pertains to the issue of whether OneWest is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The FDCPA forms the basis for Count VIII of the plaintiff's First Amended Complaint, a claim which this Court recently reinstated on August 5, 2010 [Doc. 58].

With regard to the relief portion of the objection, the Court finds that it was not improper for the magistrate judge to order OneWest to produce a witness who can testify

concerning the ownership of various portions of the plaintiff's loan.  First, this Court's Order of Referral [Doc. 6] states that "[t]he magistrate judge may, *without limitation*, conduct a hearing of the motion . . .."  ([Doc. 6] at 1) (emphasis added).  Second, Local Rule 72.01 of Civil Procedure provides that "[i]n performing a duty, a magistrate judge may determine preliminary matters; require parties, attorneys, and *witnesses to appear*; require briefs, proofs, and argument; and conduct any hearing, conference or other proceeding the magistrate judge deems appropriate." LR Civ. P. 72.01(a) (emphasis added). Accordingly, Objection No. 4 is hereby **OVERRULED**.

      **B.**    **OneWest's Motion for Stay**

In its motion, OneWest requests that this Court stay the magistrate judge's Order pending a ruling upon its Objection.  The Court has now ruled upon OneWest's Objection, with the exception of Objection No. 2.  The issue presented by Objection No. 2 is whether the magistrate judge ordered OneWest to produce loan origination documents in addition to the Note and unrecorded Deed of Trust, which OneWest produced subsequent to the hearing.  Thus, the stay requested could only pertain to whether OneWest must produce any other loan origination documents.  Insofar as the Court has re-referred this matter for a clarification on that issue, a stay is unnecessary.  Accordingly, the Court hereby **DENIES** OneWest's motion for stay.

## CONCLUSION

For the foregoing reasons, the Court finds that the defendant's Objection [Doc. 56] should be, and hereby, is **OVERRULED IN PART** and **HELD IN ABEYANCE IN PART**. In addition, the Court hereby **RE-REFERS** this matter to Magistrate Judge James E.

Seibert to **CLARIFY** his Order Holding in Abeyance Ruling on Plaintiff's Motion to Compel [Doc. 51] as to which documents the magistrate judge ordered the defendant to produce. Finally, the Court finds that the defendant's Motion for Stay [Doc. 57] should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE